## BUFFINGTON *against* THE TURNPIKE COMPANY.

It is not necessary to the right of a turnpike company, to recover in an action against a subscriber for stock, that a certificate of stock should be tendered before suit brought.

The book of the Turnpike company, in which the defendant was credited with the payment of the stock subscribed by him, is *prima facie* evidence that it was paid: and it is error to reject such evidence, although it should appear to the court that the credit was given, contrary to a resolution of the managers of the company.

Error to *Armstrong* county.

This action was brought by the *Butler and Kittaning Turnpike Road Company* against *Joseph Buffington*, to recover the amount of two shares of stock subscribed by him.   The defendant offered in evidence the book of the treasurer of the company which contained a credit for the amount of the stock subscribed by him; and to prove by parol, that it was paid by an order of a contractor, to whom the company was indebted, on the treasurer, by whom it was accepted, by authority of a resolution of the board of managers. To this evidence the plaintiff objected, and in support of their objection, gave in evidence a resolution of the board of managers to shew that the credit was unauthorized.   The court sustained the objection and over-ruled the evidence which was excepted to.   The defendant asked the court to instruct the jury that a tender of a certificate of stock, before suit brought, was essential to the plaintiff's right to recover.   But the court was of a different opinion, and so instructed the jury, who found a verdict for the plaintiff.

*Blair* for plaintiff in error.

*White contra.*

Per Curiam.—The tender of a certificate was not a condition precedent to an action for the price of the stock; but it is not easy to see on what principle of evidence the credit in the plaintiff's own book was rejected.   It was *prima facie* evidence of payment: and though it might be rebutted, it was certainly competent in the first instance. `

Judgment reversed and a *venire de novo* awarded.